People v Bowers

2026 NY Slip Op 02797

May 5, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Kshawn Bowers, Defendant-Appellant.

Decided and Entered: May 05, 2026

Ind No. 74425/22|Appeal No. 6547|Case No. 2023-04172|

Before: Manzanet-Daniels, J.P., Kapnick, Rodriguez, Pitt-Burke, O'neill Levy, JJ.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Alec Miran of counsel), for appellant.

Darcel D. Clark, District Attorney, Bronx (John Cheever of counsel), for respondent.

[*1]

Judgment, Supreme Court, Bronx County (Tara A. Collins, J.), rendered June 15, 2023, convicting defendant, upon his plea of guilty, of petit larceny, and sentencing him to three years of probation, unanimously affirmed.

Defendant validly waived his right to appeal (see People v Thomas (34 NY3d 545, 567 [2019], cert denied 589 US 1302 [2020]). Defendant's valid waiver forecloses review of his excessive sentence claim. In any event, we perceive no basis to reduce the sentence.

Defendant's constitutional challenge to probation condition 7, which requires him to "[a]void injurious or vicious habits [and] refrain from frequenting unlawful or disreputable places" and not to "consort[] with disreputable persons" (Penal Law § 65.10[2][a], [b]), is unpreserved, and we decline to reach it in the interest of justice (see People v Cabrera, 41 NY3d 35, 42 [2023]). As an alternative holding, we reject it on the merits (see People v Carasquillo, 242 AD3d 424, 425 [1st Dept 2025]).

Defendant's non-constitutional challenge to condition 7 survives his waiver of the right to appeal and does not require preservation (see People v Alvarez, 233 AD3d 619, 620 [1st Dept 2024], lv denied 43 NY3d 961 [2025]). Nonetheless, we find that this condition was reasonably related to defendant's rehabilitation, given that he worked with others to steal store items and had a history of association with negative peers (see People v Casillas, 245 AD3d 525, 526 [1st Dept 2026]; People v Rivera, 242 AD3d 421, 422 [1st Dept 2025]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 5, 2026